IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-02645-WYD-MJW

INTERNATIONAL PAPER COMPANY d/b/a xpedx, a New York Corporation,

    Plaintiff,

v.

SHAWN ROWLAND,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER (Docket # 37-1)

---

    Plaintiff, International Paper Company d/b/a xpedx and Defendant Shawn Rowland ("Defendant") (individually, "Party" and collectively, "Parties") hereby stipulate and move, under Rule 26(c) of the Federal Rules of Civil Procedure, for a Stipulated Protective Order ("Stipulated Order") governing the treatment of Confidential Information and Highly Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

    1.    In this action, each of the Parties is seeking or will seek Confidential Information and/or Highly Confidential Information (as defined in Paragraphs 2 and 3 below) through formal and informal discovery in this case and expect that there will be questioning concerning such Confidential Information and/or Highly Confidential Information in the course of depositions. The Parties assert that the use or disclosure of such Confidential Information and/or Highly Confidential Information outside the prosecution of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, the privacy interests

of Plaintiff's current or former employees, customers or related entities, and/or the business and privacy interests of certain third parties. The Parties have agreed to the language of this proposed Protective Order and entered into this Stipulation in order to protect those interests and request that the Court enter the Protective Order for the purpose of preventing the use or disclosure and use of Confidential Information and/or Highly Confidential Information except as set forth herein. Nothing in this Stipulated Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Stipulated Order is simply a procedural framework to facilitate the discovery processes and/or provide protections concerning documents and information exchanged between and among the Parties and non-parties in this case. No part of this Stipulated Order shall be used in this action or any other action as evidence that any Party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as Confidential Information or Highly Confidential Information.

2. "Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that is designated by one or more of the Parties or a third party in the manner provided in Paragraph 4 below, and that contains any personnel, trade secret, research and development, customer, technological, or other confidential or proprietary information.

3. "Highly Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart,

2

summary, note, or copy made therefrom, that is designated by one or more of the Parties or a third party in the manner provided in Paragraph 4 below, and that contains highly sensitive information, such as for information regarding product developments and timelines, product concepts, product improvements, marketing plans, forecasts, product costs, pricing, and margin; orders and revenue forecasts; pricing, product costs, and margin by product and customer; competitors and competitive selling information, strategies and techniques; information about employees and contractors (including without limitation historical and prospective compensation, incentive structures, job responsibilities and job performances of such employees and contractors); customers and prospective customers, including which customers buy an entity's products, which products they buy, how much and how often they make purchases; commercial and contractual terms with customers including any discounts or special pricing they have negotiated in the past, and the status of customer relationships including whether such relationships with either are weak or strong (and why); and other commercial, competitive information, the disclosure of which could result in harm to the disclosing Party.

  4. Counsel for the disclosing party is responsible for reviewing the information to be disclosed and designating the information it believes, in good faith, to be Confidential Information or Highly Confidential Information. A designation as Confidential Information or Highly Confidential Information is a certification by the designating party that the designation is based on a good faith belief that designated information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). Where Confidential Information and/or Highly Confidential Information is produced, provided or otherwise disclosed by either of the Parties or a third party in response to any discovery request, it will be designated in the following manner:

A. With respect to Confidential Information, by imprinting the word "Confidential" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Confidential Information";

B. With respect to Highly Confidential Information, by imprinting the words "Highly Confidential – Attorneys' Eyes Only" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Highly Confidential Information – Attorneys' Eyes Only";

C. With respect to Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the word "Confidential" next to or above any designated response to a discovery request;

D. With respect to Highly Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Highly Confidential – Attorneys' Eyes Only" next to or above any designated response to a discovery request; and

E. With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed in any transcript or record as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and/or by giving written notice to opposing counsel and the court reporter or other recorder designating those

portions of the transcript or record that are "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

F. With respect to electronically stored information, by giving written notice to opposing counsel regarding those portions of the electronically stored information that are to be identified and as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5. All Confidential Information provided by either of the Parties or a third party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

A. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

B. It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either directly or indirectly, to anyone other than the Parties, their legal counsel, members of legal counsel's staff, and the Court, under seal as described in Paragraph 14, below. In addition, to the extent that disclosure of Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

6. Unless otherwise agreed in writing by counsel for the designating party or pursuant to an order of this Court, all Highly Confidential Information provided by any of the Parties or a third party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

A. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

B. It shall not be communicated or disclosed by outside counsel for the non-designating Party(ies), in any manner, either directly or indirectly, to any person or other entity, other than the outside counsel representing the non-designating Party(ies) in this case, members of that outside counsel's staff, and the Court, under seal, as described in Paragraph 14, below. In addition, to the extent that disclosure of Highly Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Highly Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure. Highly Confidential Information shall not be disclosed in any way, directly or indirectly, to the non-designating Party(ies), including their in-house counsel.

7. Individuals authorized to review Confidential Information and/or Highly Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge the Confidential Information or Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency

unless authorized to do so by Court order or as described in Paragraphs 5 and 6, above, and shall not use such information for any purpose not necessary to the prosecution or defense of this case.

8. Counsel for the non-designating Parties shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom Confidential Information and/or Highly Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information and/or Highly Confidential Information, and shall maintain a list of all persons to whom any Confidential Information and/or Highly Confidential Information is disclosed and a description of the specific Confidential or Highly Confidential Information disclosed to each such person.

9. During the pendency of this action, a designating party may, upon Court order or agreement of the Parties, inspect the list maintained by counsel for the non-designating Parties as described in Paragraph 8, above, upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential Information and/or Highly Confidential Information. If counsel for the non-designating Party(ies) disagrees with the designating party's counsel's showing of substantial need, then counsel for the non-designating Party(ies) may seek an order requiring inspection under terms and conditions deemed appropriate by the Court. Upon final resolution of this action, counsel for the non-designating Parties shall provide a copy of the list of disclosures to counsel for the designating party and file a copy of the list under seal with the Court.

10. No copies of Confidential Information and/or Highly Confidential Information shall be made except by or on behalf of outside counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

11. Save for the electronic devices described in Paragraph 12 below, counsel shall retain custody of Confidential Information and Highly Confidential Information during the pendency of this litigation, as well as any copies made therefrom under Paragraph 10 above.

12. The Parties have agreed to a procedure for the review of certain electronic devices at issue in the litigation. Specifically, the Parties have agreed to provide certain electronic devices to a third party forensic neutral. The forensic neutral will make images of the devices and will make the images available to the providing entity for review. The images of the devices (and all files contained therein) shall be treated as Highly Confidential Information. The forensic neutral will execute a copy of Exhibit A and provide copies to the Parties. The forensic neutral will then make the files on the images available for a joint in-person inspection by outside counsel for the Parties, minus any attorney-client or work product materials identified by the providing party. The forensic expert will be present for the examination. The procedure defined in this Paragraph 12 applies exclusively to the review of certain electronic devices made available during the Limited Stay of Discovery.

13. If counsel for one or more of the non-designating Parties objects to the designation of certain information as Confidential Information and/or Highly Confidential Information, he or she shall promptly inform the designating party's counsel in writing of the specific grounds of objection to the designation. The designating party shall then within seven calendar days provide in writing the specific grounds for having designated the information as Confidential Information or Highly Confidential Information. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve the dispute, the designating party may move for a protective order

to maintain the Confidential or Highly Confidential status of the information. Any motion for protective order shall be filed within 14 calendar days of receipt by the non-designating Party's(ies') counsel of the designating counsel's written grounds for the designation of information as Confidential Information or Highly Confidential Information, and the information shall continue to have Confidential Information and/or Highly Confidential Information status from the time it is produced until the ruling by the Court on the motion.

14. Any motion requesting leave to file or introduce documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information and/or Highly Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)). Counsel for a Party submitting a motion to seal shall not file Confidential Information and/or Highly Confidential Information or introduce it in a court proceeding unless and until the Court grants the motion to seal. Submission of any Confidential Information and/or Highly Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in Paragraphs 5 and 6, above. Additionally, in the event that a Party files materials under seal, then that Party will serve a copy of the materials under seal to the opposing Party.

15. The termination of this action shall not relieve outside counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information and/or Highly Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order until Termination of this case.

9

MJW 6-15-11

16. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents and/or information produced subject to the Order.

17. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the designating party all Confidential Information and/or Highly Confidential Information produced subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

18. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information and/or Highly Confidential Information shall be treated at trial.

19. The Parties agree that the inadvertent production of privileged material does not constitute waiver if the producing party promptly notifies the receiving Party in writing of such inadvertent production. Any such inadvertently produced material must be returned or destroyed immediately upon request of the producing party and no copies may be retained pending any ruling on a motion to compel or a ruling on the privileged nature of the materials. While the Party returning the material may file a motion to compel production in accordance with the Local Rules of Practice for the District Court for the District of Colorado and Federal Rules of Civil Procedure, such Party may not assert the fact or circumstances of the inadvertent production as grounds for entering the order. In connection with such a motion to compel, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be treated as privileged or protected. The disputed document

shall be treated as privileged or protected until the Court rules on the motion.

This Protective Order shall be binding upon any future Party(ies) to this litigation.

DATED this 15th day of June 2011.

BY THE COURT:

*[signature]*

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO